Filed 8/17/22  P. v. Nguyen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061160 |
| v. | (Super. Ct. No. 08CF1842) |
| CUONG VIET NGUYEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Cuong Viet Nguyen was convicted of murder in 2010. He was sentenced to 55 years to life in prison, but after a successful appeal, that sentence was reduced to 40 years.

Two years ago, appellant filed a petition pursuant to Penal Code section 1170.95[1] seeking resentencing on his murder conviction. Section 1170.95 is the procedural mechanism for implementing legislative changes in California law which narrow the scope of vicarious liability for murder in two ways. First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

In addition to ushering in these changes, the Legislature also enacted section 1170.95, which is the procedural mechanism for challenging a murder conviction based on vicarious liability. To obtain relief under that section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder, 3) and – and this is the flaw in appellant's petition – he would not be liable for murder today because of how the Legislature has redefined that offense. (§ 1170.95, subd. (a).)

If the defendant makes a prima facie showing to that effect, the trial court is required to issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1170.95, subds. (c), (d).) At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his

---

[1] That section has since been renumbered as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) We will cite to Penal Code section 1170.95 for ease of reference. All further statutory references are to the Penal Code.

conduct did in fact rise to the level of murder as redefined by Senate Bill No. 1437. (*Id.*, subd. (d)(3).) Otherwise, the defendant is entitled to vacatur and resentencing pursuant to the terms of section 1170.95. But the trial court in Nguyen's case ruled no hearing was required because the readily discernible facts showed appellant was not eligible for relief under the statute.

The law in this area being somewhat fluid due to new legislative enactments, appellant filed a new petition in January of this year. That petition was also denied. Again appellant appealed, and we appointed counsel to represent him. Counsel filed a brief which set forth the procedural facts of the case. Counsel did not argue against appellant but advised us there were no issues in the case that had any chance of success. Appellant was invited to express his own objections to the proceedings against him but did not do so.

Under the law, we are required to review the record ourselves to make sure there is no issue that could be raised on appellant's behalf. In making that search, we do not look only for issues that would succeed, but also for issues that might succeed; arguable issues are those that bear a reasonable chance of success.

After conducting that search, we find ourselves in agreement with appellate counsel. There is simply no issue here. Relief under section 1170.95 requires that the applicant be someone who could not be convicted under the legislative reformation of the felony murder rule that has taken place over the last few years. That reformation includes that the applicant not be "major participant" in the underlying felony.

That phrase requires scrutiny in cases where the applicant was an aider or abettor of the crime. But appellant was not an aider or abettor. He was the shooter. The jury found he was the killer. He fired the fatal six shots that hit and killed the victim. He was *the* major participant.

3

He is therefore ineligible for relief under section 1170.95. Our review of his case being limited to that aspect, we find appellate counsel was correct that there is no arguable issue here. The order is affirmed.


                                        BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.


4